**Opinion issued May 18, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00125-CR

———————————

**TIMMIE RAY MCDUFFY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1523825**

## MEMORANDUM OPINION

Appellant, Timmie Ray McDuffy, pleaded guilty to the first-degree felony offense of possession with intent to deliver a controlled substance, namely, cocaine, weighing more than four grams and less than 200 grams by aggregate weight, without an agreed punishment recommendation pending a pre-sentence

investigation ("PSI") hearing.[1]  In exchange for appellant's plea, the State agreed to recommend a punishment cap of fifteen years' confinement.  At the PSI hearing, in accordance with his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at five years' confinement.[2]  The trial court certified that this was a plea-bargain case and that appellant had no right of appeal, but appellant timely filed a pro se notice of appeal.[3]  *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1).  We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 1977); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification, included in this Court's records, states that this is a plea-bargain case and that appellant has no right of appeal, and the trial court

---

[1]    *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (e) (West 2009).

[2]    *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2009).

[3]    Appellant also filed a notice of appeal from the related trial court cause number 1520651, which was assigned to appellate cause number 01-17-00124-CR. Appellant's sentence in this case was set to run concurrently to the sentence in trial court cause number 1520651.

did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The records confirm that appellant pleaded guilty to the first-degree felony offense of cocaine possession in exchange for the State's fifteen-year sentencing cap recommendation. Thus, the records support the trial court's certification. *See Dears*, 154 S.W.3d at 615; *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (noting that agreement to plead guilty in exchange for State's recommended "cap" on sentencing was plea bargain under Rule 25.2(a)(2)). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

## PER CURIAM

Panel consists of Justices Higley, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).